UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Blazek SKLO Podebrady s.r.o. and
Mr. Dalibor Blazek,

        Plaintiffs,

v.

Euro Expo 3000, Inc.,

        Defendant.

MEMORANDUM OPINION AND ORDER
Civil No. 06-3829 ADM/JSM

---

Heather J. Kliebenstein, Esq., Merchant & Gould PC, Minneapolis, MN, argued on behalf of Plaintiffs.

No counsel of record has been entered for Defendant.

---

## I. INTRODUCTION

On November 9, 2007, the undersigned United States District Judge heard oral argument on Plaintiffs J. Blazek SKLO Podebrady s.r.o. ("J. Blazek") and Mr. Dalibor Blazek's ("Dalibor Blazek") (collectively, "Plaintiffs") Motion for Default Judgment [Docket No. 41] against Defendant Euro Expo 3000, Inc. ("Euro Expo"). Plaintiffs request that the judgment include injunctive relief, damages, attorney fees, and costs of suit. For the reasons stated below, Plaintiffs' Motion for Default Judgment is granted.

## II. BACKGROUND

Dalibor Blazek is the owner of United States Patent No. 6,488,034 B1 ("the '034 Patent"), issued on December 3, 2002, and United States Patent No. 6,694,988 B2 ("the '988 Patent"), issued on February 24, 2004. Zeuli Decl. [Docket No. 44] Exs. D-E; Compl. [Docket No. 1] ¶¶ 7-8. The independent claims of the '034 and '988 Patents (collectively, "the Blazek Patents") recite particular types of glass nail files and methods for producing such glass nail

files.  Zeuli Decl. Exs. D-E.  Blazek is the exclusive licensee of the Blazek Patents.  Compl. ¶¶ 7-8.

Euro Expo sells glass nail files under the trademark "Crystal Unique."  Compl. ¶ 14.  In a letter of May 14, 2001, Dalibor Blazek's attorneys notified Euro Expo that "there is a substantial issue" regarding whether Euro Expo's Crystal Unique glass nail files infringed the claims in Dalibor Blazek's then-pending patent applications.  Zeuli Decl. Ex. A.  Euro Expo did not respond to this letter.  Pls.' Mem. in Supp. of Mot. for Default J. [Docket No. 43] at 6.

On September 25, 2006, Plaintiffs filed a Complaint alleging that Euro Expo willfully infringed the Blazek Patents.  Compl. ¶¶ 12-17, 19-23.  Euro Expo, through its counsel, moved twice for an extension of time to answer the Complaint.  See Motions for Extension of Time to Respond to Complaint [Docket Nos. 4 and 9].  Magistrate Judge Janie S. Mayeron granted both requests, and she granted the Parties' Stipulation [Docket No. 14] for a third extension to May 11, 2007.  See Orders [Docket Nos. 8, 13, and 15].

Euro Expo has not formally filed an answer.  Instead, on May 11, 2007, Euro Expo filed a Motion to Transfer Venue [Docket No. 18] to the United States District Court for the Southern District of Florida.  That same day, Euro Expo's counsel notified Judge Mayeron that he intended to withdraw from the case.  Rizvi Aff. [Docket No. 22] ¶ 4.  Euro Expo's President, Maria Kontosova, submitted a "Respond to Complaint" explaining that Euro Expo had terminated its counsel and intended to defend itself without legal representation.  Rizvi Aff. Ex. B.  Although Euro Expo represented itself as a Florida corporation, the "Respond to Complaint" was notarized in Texas.  Id.

In a June 26, 2007, Order [Docket No. 34], Judge Mayeron granted Euro Expo's

counsel's Motion to Withdraw as Counsel [Docket No. 24].  Because corporations cannot defend themselves *pro se*, Judge Mayeron allowed Euro Expo forty-five days to obtain new counsel. June 26, 2007, Order at 2.  Judge Mayeron ordered that Euro Expo's Motion to Transfer Venue be "stricken without prejudice in order to allow new counsel for [Euro Expo] to decide whether to proceed with that motion or not.  Defendant's new counsel shall either answer the Complaint or move to transfer venue within 30 days of being retained by defendant."  Id. at 3.

After Euro Expo failed to comply with Judge Mayeron's June 26, 2007, Order, Plaintiffs filed an Application for Entry of Default [Docket No. 35] on September 11, 2007.  The Clerk of this Court entered default against Euro Expo on September 12, 2007 [Docket No. 38].  Plaintiffs filed the instant Motion for Default Judgment on September 25, 2007.  That same day, Plaintiffs mailed copies of the papers regarding the instant motion to Euro Expo at its last known Florida and Texas addresses.  Pls.' Certificate of Service [Docket No. 45].  Euro Expo has not responded.

### III. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that entry of default judgment must be preceded by entry of default.  Fed. R. Civ. P. 55.  Here, the Clerk properly entered default against Euro Expo because Euro Expo "failed to plead or otherwise defend" itself in this action.  Fed. R. Civ. P. 55(a).  Plaintiffs satisfied Rule 55(b)(2)'s notice requirement by mailing copies of its motion papers to Euro Expo in September 2007.  See Fed. R. Civ. P. 55(b)(2) ("If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the

hearing on such application.").

"Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (citing United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977). Euro Expo has completely failed to comply with Judge Mayeron's June 26, 2007, Order. Because Euro Expo has defaulted, the well-pled allegations of Plaintiffs' Complaint are accepted as true, except for the amount of damages. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). Therefore, by defaulting, Euro Expo admits that it has willfully infringed the Blazek Patents.

After reviewing Plaintiffs' submissions, the Court grants Plaintiffs' request for an injunction under 35 U.S.C. § 283, damages under 35 U.S.C. § 284 in the amount of $67,450 and enhanced damages in the amount of $134,900, investigative fees under 35 U.S.C. § 284 in the amount of $774.69, and costs in the amount of $350. The Court also finds this is an exceptional case justifying an award of attorney fees because Euro Expo continues to infringe the Blazek Patents and it has demonstrated bad faith by failing to comply with Judge Mayeron's June 26, 2007, Order. See 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Plaintiffs request attorney fees of $27,114 for 73.05 hours of work on this case. Zeuli Decl. ¶ 16. However, in light of the fact that Euro Expo never filed any responsive pleadings presenting legal arguments, the Court finds that $20,000 is a reasonable amount of attorney fees.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Default Judgment [Docket No. 41] is **GRANTED**;

2. Pursuant to 35 U.S.C. § 283, Euro Expo and its respective officers, agents, servants, employees, successors, and attorneys, and all persons having control over and acting in active concert and participation with it are hereby **RESTRAINED AND ENJOINED** from intentionally or knowingly manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell goods that infringe U.S. Patent No. 6,488,034 B1 and 6,694,988 B2, including "Crystal Unique" branded glass nail files;

3. Pursuant to 35 U.S.C. § 284, Plaintiffs are awarded damages against Euro Expo in the amount of Sixty-Seven Thousand and Four Hundred Dollars ($67,450.00) and enhanced damages in the amount of One Hundred and Thirty-Four Thousand and Nine Hundred Dollars a ($134,900.00), for which let execution issue;

4. Pursuant to 35 U.S.C. § 284, Plaintiffs are awarded their investigative fees against Euro Expo in the amount of Seven Hundred and Seventy-Four Dollars and Sixty-Nine Cents ($774.69), for which let execution issue;

5. Pursuant to 35 U.S.C. § 284, Plaintiffs are awarded their costs against Euro Expo in the amount of Three Hundred and Fifty Dollars and Zero Cents ($350.00), for which let execution issue;

6. Pursuant to 35 U.S.C. § 285, Plaintiffs are awarded their attorney fees against Euro Expo in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), for which let execution issue; and

7. Interest from the date this action was filed shall accrue at the legal rate.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 21, 2007.